FLEISCHMAN *v.* KELLER, ADMR., ET AL.

(No. 840757—Decided June 6, 1968.)

Common Pleas Court of Cuyahoga County.

*Messrs. Griff, Weiner & Orkin,* for plaintiff.
*Mr. William B. Saxbe,* attorney general, *Mr. Walter J. Howdyshell* and *Mr. James S. Gallas,* for defendant.

McMAHON, J. This cause came on for hearing on an appeal of an order of the Industrial Commission under Section 4123.519, Revised Code.

The facts as stipulated by the parties are that Leah Fleischman, the plaintiff in this action, was an employee of the Cleveland Board of Education as a teacher on September 30, 1964, when she fell in the course of her employment on a flight of stairs at her school and suffered injuries. She duly filed a claim with the Bureau of Workmen's Compensation for said injuries, which claim was allowed by the Administrator of the Bureau of Workmen's Compensation by order dated November 9, 1964. Said order provided for payment of medical expenses and provided for no payment for lost time since the plaintiff returned to work on the fourth day following her injury.

Plaintiff suffered a fracture of the third metacarpal of her left leg, an abrasion of her left leg, and contusions of her left arm, leg, hips and hand.

Although plaintiff had at no time received any compensation for temporary total disability for her injuries, she filed an application for a determination of the percentage of permanent partial disability (known as a form C-92) with the Industrial Commission, which dismissed said application in its order dated September 20, 1966, for the reason that said application did not comply with Section 4123.57 (A) and (B), Revised Code, as amended October 1, 1963.

The plaintiff, however, filed an application for reconsideration with the Industrial Commission, which application the commission denied by its order dated December 28, 1966, which read:

"It is ordered that the claimant's motion for reconsideration filed September 28, 1966, be denied and the order of the Industrial Commission dated September 20, 1966, be affirmed."

The plaintiff, within sixty days of the date of the receipt of notice of the commission's order dated December 28, 1966, then appealed to this court.

Section 4123.519, Revised Code, reads in pertinent part:

"The claimant or the employer may appeal a decision of the industrial commission in any injury case, other than a decision as to the extent of disability, to the court of com-

mon pleas of the county in which the injury was inflicted, * * * Notice of such appeal shall be filed by the appellant with the commission and the court of common pleas within sixty days after the date of the receipt of the decision appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review.''

Section 4123.57, Revised Code, which concerns itself with partial disability compensation, reads in its pertinent parts:

''(A) In case of injury or occupational disease resulting in partial disability other than those exclusively provided for under division (C) of this section, the employee shall receive per week sixty-six and two-thirds per cent of the impairment of his earning capacity which results from the injury or occupational disease during the continuance thereof, not to exceed a maximum of fifty-six dollars per week but not in a greater sum in the aggregate than ten thousand dollars.

''An employee is eligible to file an application with the industrial commission for the determination of the percentage of his permanent partial disability resulting from the injury or occupational disease if he:

''(1) Has received compensation for temporary total disability; or

''(2) Would have been eligible for compensation for temporary total disability had the employer not paid him wages during the period of disability; or

''(3) Has received compensation for partial disability under division (A) of this section.

''An employee may file such application upon the expiration of forty weeks after:

''(a) The date of the termination of the latest period of temporary total disability, if eligible under (1) above;

''(b) The latest period of temporary total disability for which he would have been entitled, if eligible under (2) above;

''(c) The date of the injury or the contraction of an occupational disease if eligible under (3) above.

"Whenever such application is filed, the commission shall set the application for hearing with written notices to all interested persons. After hearing and determination, the employee shall file his election to receive compensation for partial disability under either division (A) or division (B) of this section, and such election may thereafter be changed upon approval of the industrial commission for good cause shown.

"(B) The industrial commission, upon such application, shall determine the percentage of the employee's permanent disability * * * Except upon application for reconsideration, review, or modification which is filed within ten days after the date on which notice of such award is mailed to the employee and the employer, in no instance shall the commission modify its former order unless it finds from such medical or clinical findings that the condition of the claimant resulting from the injury has so progressed as to have increased the percentage of permanent disability. * * *"

The court notes that this section as it presently reads was not effective until October 1, 1963, and that prior to that time the portions of that statute being considered were substantially different. This probably accounts for the absence of prior decisions interpreting the present action.

In his answer, defendant administrator sets up two defenses, each dealing with the jurisdiction of this court to hear and decide the instant case. Inasmuch as the second defense, if proved, would preclude consideration of the first defense, the court considered it first.

The court is satisfied that the plaintiff's notice of appeal in this case was timely filed. On September 20, 1966, the plaintiff's application for a determination of permanent partial disability was dismissed by the Industrial Commission for the reasons stated above. Section 4123.57 (B) Revised Code, provides a ten-day period within which a party may seek reconsideration of such an application determination. This was done in the instant case. On December 28, 1966, the application for reconsideration was denied by the Industrial Commission. On February 23,

1967, within sixty days following receipt of the notice of said denial, the plaintiff filed her notice of appeal under Section 4123.59, Revised Code.

Having found the notice of appeal to have been timely filed, the court then turned its attention to the issue of the constitutionality of Section 4123.57, Revised Code, as it pertains to the eligibility of an employee to file an application with the Industrial Commission for a determination of permanent partial disability. This provision reads as follows:

"An employee is eligible to file an application with the industrial commission for the determination of the percentage of his permanent partial disability resulting from the injury or occupational disease if he:

"(1) Has received compensation for temporary total disability; or

"(2) Would have been eligible for compensation for temporary total disability had the employer not paid him wages during the period of disability; or

"(3) Has received compensation for partial disability under division (A) of this section.

Thus, under this section as it presently exists, an employee must have received compensation under the act for either temporary total disability or partial disability, or he must have been eligible to receive compensation for temporary total disability, had not his employer paid him wages during the period of said disability.

Section 4123.55, Revised Code, provides in part:

"No compensation shall be allowed for the first week after an injury is received or occupational disease contracted and no compensation shall be allowed for the first week of total disability, whenever it may occur, unless and until the employee is totally disabled for a continuous period of three weeks or more, * * *"

The plaintiff in this case not having been absent a week from her teaching position with the Cleveland Board of Education as the result of said injury would not be eligible for compensation for permanent partial disability under the act.

It is the opinion of this court that the above quoted portions of Section 4123.57, Revised Code, insofar as they apply to the instant facts, are unconstitutional when viewed in the perspective of Article II, Section 35 of the Ohio Constitution, which provides for the passage of Workmen's Compensation laws, and the "due process" provisions of the United States Constitution and the Constitution of the state of Ohio. Article II, Section 35 of the Ohio Constitution provides that workmen's compensation:

"* * * shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease. * * *"

Thus the constitutional provision, when combined with the statute under discussion, serves to deprive the injured appellant of all rights of financial recovery for the injuries that she has sustained.

The requirements for "eligibility" set forth in Section 4123.57, Revised Code, are unreasonable in as much as they bear no relationship to the existence of, or absence of, permanent partial disability in a given case. One person may suffer an injury that is totally disabling for a period of a month or more, and yet which leaves him with no compensable permanent disability. Another person may suffer an injury that will allow him to return to his work almost immediately after injury, but which will leave him with a permanent disability.

And such is the situation in this case. The plaintiff is a teacher. While her injuries may have caused her pain and disability, they did not keep her from returning to her classroom duties. This is understandable when one considers that the work of the teacher is primarily mental, and only secondarily physical.

The education of our young persons is one of the most important tasks confronting our community, and there is a recognized shortage of classroom teachers to perform

this task. This court can see no reason why a person such as the plaintiff must abdicate her teaching responsibilities, and feign a week's total disability in order to later be compensated for permanent disabilities that may result.

The present statute penalizes the diligent, conscientious, truthful worker who returns to work as soon as he is able, and rewards the less diligent and less devoted worker, who is looking for any acceptable reason to be absent from his work.

Further, it is quite conceivable that if one who is admittedly able to work were to remain away from work for a week, that such absence might be grounds for a discharge for cause, particularly when the job is as vital to the community as this one is.

The present statute also presents an ethical problem for the attorney of the injured party. If he advises a party who is admittedly able to work, to remain away from work for a week for the purpose of making a later claim, he may be committing an unprofessional and disreputable act under Canon 28, Canons of Professional Ethics, as promulgated by the American Bar Association, and as adopted by the Ohio Supreme Court.

And yet, if he advises the client to return to his work immediately, and thereby the client loses his right to later claim permanent partial disability, the attorney may have to defend an action for malpractice.

This ethical dilemma should not have been placed upon the practicing attorney, and it should be removed.

For the reasons discussed above, the "eligibility" provisions of Section 4123.57, Revised Code, are found to be unconstitutional, and the ruling of the Industrial Commission is reversed, and the Industrial Commission is ordered to determine the extent of the plaintiff's permanent disability, if any, without regard to said provisions.

*Order reversed.*